United States District Court
Southern District of Texas
**ENTERED**
November 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JONATHAN K. ISAIAH,<br>　*Plaintiff*,<br><br>v.<br><br>R & L CARRIERS, INC., ET AL.,<br>　*Defendants*. | §<br>§<br>§<br>§   CIVIL ACTION NO. 4:22-CV-03066<br>§<br>§<br>§ |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss with Prejudice as Sanction for Failing to Comply with the Court's July 6, 2023 Discovery Order.[1] ECF 30. Plaintiff, who is proceeding pro se, has not filed a response. For the reasons explained below, the Court RECOMMENDS that Defendants' Motion (ECF 30) be GRANTED, and that Plaintiff's claims be dismissed with prejudice.

**I.     Procedural Background.**

On June 30, 2022, Plaintiff, proceeding pro se and in forma pauperis, filed a Complaint for Employment Discrimination against Defendants R & L Carriers, Inc.; R & L Carriers Shared Services, LLC; and R & L Carriers Payroll, LLC. ECF 1. The Court held an Initial Conference on January 23, 2023, at which Plaintiff and counsel for Defendants appeared. ECF 12. During the Initial Conference and in a

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 7.

written Order thereafter, the Court instructed the parties to comply with the Initial Discovery Protocols for Employment Cases Alleging Adverse Action.[2] *Id.* The Protocols require Plaintiff to produce the following documents:

- All communications concerning the factual allegations or claims at issue in this lawsuit between the plaintiff and the defendant.

- Claims, lawsuits, administrative charges, and complaints by the plaintiff that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.

- Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit.

- Documents concerning the terms and conditions of the employment relationship at issue in this lawsuit.

- Diary, journal, and calendar entries maintained by the plaintiff concerning the factual allegations or claims at issue in this lawsuit.

- The plaintiff's current resume(s).

- Documents in the possession of the plaintiff concerning claims for unemployment benefits, unless production is prohibited by applicable law.

- Documents concerning: (i) communications with potential employers; (ii) job search efforts; and (iii) offer(s) of employment, job description(s), and income and benefits of subsequent employment.

- Documents concerning the termination of any subsequent employment.

- Any other document(s) upon which the plaintiff relies to support the plaintiff's claims.

---

[2] A copy of the Initial Discovery Protocols for Employment Cases Alleging Adverse Action is available at: https://www.txs.uscourts.gov/sites/txs/files/Standing%20Order%20Employment%20Attachment%20for%20Docketing.pdf.

Plaintiff did not comply with the Court's Initial Discovery Protocols and did not respond to discovery requests propounded by Defendants in April 2023. As a result, Defendants moved to compel discovery on June 20, 2023. ECF 26. In the Motion to Compel, Defendants detailed their continued efforts, including: providing Plaintiff with multiple copies of the Court's Protocols; sending letters informing Plaintiff of his discovery obligations and giving him the opportunity to cure discovery deficiencies (including on April 13, 2023, May 22, 2023, June 6, 2023, and June 19, 2023); speaking with Plaintiff via telephone (including on May 5, 2023); leaving voicemails with Plaintiff (including on June 14, 2023). *See* ECF 26-2 at 3–4.

On June 23, 2023, the Court issued an Order requiring Plaintiff to appear at a Show Cause hearing and explain "(1) why he has failed to comply with discovery obligations and (2) why he should not be required to pay Defendants' fees incurred" in making the Motion to Compel. ECF 28. Both parties appeared on July 6, 2023 for the Show Cause Hearing. After the Show Cause hearing, the Court granted Defendants' Motion to Compel, denied Defendants' request for expenses incurred in making the motion, and ordered Plaintiff to:

- Respond to Defendants' First Set of Interrogatories by no later than July 14, 2023; and

- Respond to Defendants' First Set of Request for Production of Documents by no later than July 21, 2023; and

3

- Comply with the Initial Discovery Protocols for employment cases by no later than July 21, 2023.

ECF 29.  The July 6 Order warned Plaintiff that "failure to comply with this Order may result in the dismissal of this lawsuit."  *Id.* at 2.

On August 28, 2023, Defendants filed a Motion to Dismiss with Prejudice as Sanction for Failing to Comply with the Court's July 6, 2023 Discovery Order, pursuant to Federal Rules of Civil Procedure 37(b) and 41(b).  ECF 30.  Defendants' Motion alleges that Plaintiff has failed to provide information required by the Initial Discovery Protocols and has responded to their Request for Productions by stating he would produce documents at an unspecified date.  *Id.*; ECF 30-3.

On October 27, 2023, the Court again ordered Plaintiff to produce "(1) all documents and information required by the Court's Initial Discovery Protocol and (2) all documents responsive to Defendants' First Request for Production of Documents" by no later than November 13, 2023; the Court also set a hearing by telephone for November 16, 2023, at which time Defendants could raise issues regarding the sufficiency of Plaintiff's responses.  ECF 31.  The October 27 Order warned Plaintiff for a second time that "failure to comply with this Order may result in sanctions up to and including the dismissal of this lawsuit."  *Id.* at 2.

Defendants appeared at the November 16, 2023 hearing, but Plaintiff did not.  At the hearing, Defendants advised that Plaintiff had not produced the documents required by the Court's Orders.  The Court discussed the factors relevant to dismissal

4

of Plaintiff's case, *see infra* Part II, and employed a lesser sanction by providing Plaintiff with one final opportunity to produce the required documents. ECF 33. Specifically, on November 17, 2023, the Court ordered Plaintiff to appear on November 27, 2023, and to produce the required documents at the courthouse for Defendants' review. *Id.* The Clerk mailed a copy of the November 17 Order to Plaintiff at the address listed on the docket and also e-mailed a copy to Plaintiff at the e-mail address listed in his complaint. The November 17 Order warned Plaintiff that "failure to comply with this Order **will** result in a recommendation to the District Judge that Defendants' Motion to Dismiss with Prejudice (ECF 30) be granted." *Id.* Despite this warning, Plaintiff did not appear at the November 27, 2023 hearing.

## II. Analysis.

Under Rule 37(b)(2)(A), "[i]f a party … fails to obey an order to provide or permit discovery, … the court where the action is pending may issue further orders [including] dismissing the action or proceeding in whole or in part." Before a district court may dismiss a case with prejudice as a sanction for violating a discovery order, several factors must be present:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Moore v. CITGO Refining & Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013).

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." A dismissal with prejudice under Rule 41(b) is proper "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (citations omitted). In most cases, the Fifth Circuit has held that "a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835 (5th Cir. 2018).

In this case, dismissal of Plaintiff's claims is appropriate under both Rule 37(b) and Rule 41(b). First, the Court finds that Defendants have presented evidence that Plaintiff has engaged in a pattern of conduct that is willful or made in bad faith, a finding which is further supported by Plaintiff's failure to appear at the November 16, 2023 and November 27, 2023 hearings. A clear record of delay exists as this case has been pending for over a year and Plaintiff has not complied with basic discovery protocols, despite being ordered to do so on multiple occasions. Further, the Court finds that because Plaintiff is proceeding pro se, his violation of multiple

Court Orders is attributable only to himself. Defendants are substantially prejudiced by Plaintiff's violations as they are unable to prepare a defense without production of Plaintiff's documents. Finally, the Court has previously employed lesser sanctions by providing Plaintiff with multiple opportunities to comply with the Court's Orders and advising that his noncompliance may result in dismissal of his case. *See* ECF 29; ECF 31; ECF 33. Considering Plaintiff's repeated noncompliance, the Court finds that any further lesser sanction would be futile.

### III. Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendants' Motion to Dismiss with Prejudice as Sanction for Failing to Comply with the Court's July 6, 2023 Discovery Order (ECF 30) be GRANTED and that Plaintiff's claims be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 27, 2023, at Houston, Texas.

*(signature)*
Christina A. Bryan
United States Magistrate Judge